**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADAMS CHIROPRACTIC CENTER P.C., *et al.*,<br><br>Defendants. | Civil Action No: 19-20633(SDW)(ESK)<br><br>**OPINION**<br><br>February 24, 2020 |

**WIGENTON**, District Judge.

Before this Court are Defendants Adams Chiropractic Center P.C., Andrew Andonov, D.C. ("Andonov"), Rodel C. Baguioro, P.T. ("Baguioro"), Eldebrando O. Estomo, P.T. ("Estomo"), Peter Angelo, L.A.C. ("Angelo"), Nighat Jawed ("Jawed"), Jennifer Rodriguez ("Rodriguez"), Individual and Business Counseling, Inc., and Frank L. Weiss, Ph.D.'s ("Weiss") (collectively, "Defendants")[1] Motion to Dismiss Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") Complaint[2] pursuant to Federal Rule of Civil Procedure ("Rule")

---

[1] Defendant Nyree Padilla ("Padilla") joins in the motion. (D.E. 10.) Defendants Advanced Balance and Wellness LLC ("Advanced Balance"), Kathleen A. Marsh, L.A.C. ("Marsh"), Sandra Park Lee, L.A.C. ("Park Lee"), and James D. Morales, M.D. ("Morales") did not join in the motion. Defendants represent that Park Lee died in 2016 and is an improper party to this litigation. (D.E. 8-3 at 1.)

[2] Plaintiffs' Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2) which provides that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief," or Rule 8(d)(1)'s requirement that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d).

1

12(b)(6).³  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, the Motion to Dismiss is **DENIED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are automotive insurers suing to recover "more than $2,700,000.00 that the Defendants [and others] wrongfully obtained from GEICO by submitting, and causing to be submitted, thousands of fraudulent no-fault insurance charges through Adams Chiropractic Center, P.C. ("Adams Chiro"), Advanced Balance and Wellness LLC ("Advanced Balance"), and Individual and Business Counseling, Inc. ("IBC")⁴ for purported initial examinations, follow-up examinations, chiropractic services, physical therapy services, acupuncture treatments, biofeedback training, pain management injections, and psychological diagnostic evaluations (collectively, "Fraudulent Services")" between 2013 and 2019.  (D.E. 1 ¶¶ 1-3.)  Specifically,

---

Rather, the Complaint contains 644 paragraphs, spans 266 pages, extensively cites case law and statutory provisions, and contains well over 100 pages of detailed summaries of accident reports and medical records for numerous patients allegedly treated by Defendants. This is well outside the parameters of the federal pleading rules.  As a result, Defendants argue that certain portions of the Complaint should be stricken.  (D.E. 8-3 at 9-11.)  However, because Defendants have not formally moved to strike, their request is denied.

³ Defendants also seek to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), alleging that Plaintiffs' claims are subject to binding arbitration, (*see* D.E. 8-3 at 25-28) or were previously arbitrated and, thus, barred by the doctrine of collateral estoppel, (*id.* at 28-30).  As to the first,  it is well-established that NJIFPA, RICO or common law fraud claims are not subject to mandatory arbitration under New Jersey's no-fault insurance statute ("PIP arbitration").  *See e.g.*, *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 489, 489-496 (D.N.J. 2018) (holding that plaintiff-insurer's claims were "not preempted by PIP arbitration").  As to the latter, Plaintiffs aver that they are not seeking to recover damages "incurred as the result of any arbitral awards or settlements" despite attaching documents related to prior arbitrations to the Complaint.  (D.E. 13 at 29, *see also* Ex. A.)  Therefore, this Opinion addresses only Defendants' 12(b)(6) motion.

⁴ Adams Chiro, Advanced Balance and IBC are business entities with principal places of business in New Jersey.  (D.E. 1 ¶¶12, 21, 31.)  Adonov, Baguioro, Estomo, Angel, Marsh, Park Lee, Jawed, and Rodriguez were, at all relevant times, associated with Adams Chiro and provided allegedly fraudulent services including chiropractic, physical therapy, acupuncture, and biofeedback. (*Id.* ¶¶ 13-20.)  Morales and Padilla were associated with Advanced Balance and Weiss with IBC.  (*Id.* ¶¶ 22, 30-32.)

Plaintiffs allege that Defendants billed for "unlawful, medically unnecessary, and otherwise non-reimbursable services" provided to individuals eligible for coverage (the "Insureds"), and participated in an illegal referral scheme. (*Id.* ¶¶ 96, 103-499.)

On or about January 21, 2019, GEICO filed a twenty-one count Complaint against Defendants, alleging that Defendants' actions: 1) violated the New Jersey Insurance Fraud Prevention Act ("NJIFPA"), N.J.S.A. 17:33A-1 *et seq.* (Counts Four - Six); 2) violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (Counts Seven, Eight, Twelve, Thirteen, Seventeen, Eighteen); and 3) constituted common law fraud (Counts Nine, Ten, Fourteen, Fifteen, Nineteen, Twenty) and unjust enrichment (Counts Eleven, Sixteen, Twenty-One). Plaintiffs also seek declaratory judgment pursuant to 18 U.S.C. §§ 2201, 2202, (Counts One - Three), that Adams Chiro, Advanced Balance, and IBC were "not in compliance with all significant laws and regulations governing healthcare practice in New Jersey" during the relevant period. (*See* D.E. 1 at 232-266.) Defendants filed the instant motion to dismiss on January 3, 2020 and all submissions were timely filed. (D.E. 8, 10, 11, 12.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

3

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

### III. DISCUSSION

#### A. NJIFPA, N.J.S.A. 17:33A-1 *et seq.*

The NJIFPA permits insurance companies to seek compensation for fraud occurring where a person or practitioner:

> (1) Presents or causes to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 *et seq.*), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or
> (2) Prepares or makes any written or oral statement that is intended to be presented to any insurance company, the Unsatisfied Claim and Judgment Fund or any claimant thereof in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 *et seq.*), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or
> (3) Conceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement to (a) any insurance benefit or payment or (b) the amount of any benefit or payment to which the person is entitled ....

N.J. Stat. Ann. § 17:33A-4, -7a. In short, the statute "prohibits the submission of insurance reimbursement claims when a party knows that the claim contains false or misleading information concerning any fact or thing material to the claim, and prohibits concealment or knowing failure to disclose an event that affects the eligibility for reimbursement or the amount of the reimbursement. *Gov't Employees Ins. Co. v. Ningning He*, Civ. No. 19-09465, 2019 WL 5558868, at *5 (D.N.J. Oct. 29, 2019).

Here, GEICO's claims, which allege that defendants provided Fraudulent Services to numerous Insureds over the course of six years and submitted claims for reimbursement to GEICO for that treatment, are sufficiently pled under the NJIFPA. The Complaint pleads, with extensive examples, that Defendants treated Insureds who were involved in minor accidents, but who did

not suffer from "significant long-term injuries or health problems," with "long-term, medically unnecessary course[s] of 'treatment' . . . pursuant to a pre-determined, fraudulent protocol . . ." rather than in response to their genuine health-care needs. (D.E. 1 ¶¶ 97-102.) Therefore, Defendants' motion to dismiss Counts Four, Five, and Six will be denied.

### B. RICO, 18 U.S.C. § 1962

Plaintiffs allege that Defendants violated, and conspired to violate, the federal RICO statute, 18 U.S.C. § 1962(c). Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which effect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c)); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362-63 (3d Cir. 2010). "To establish a claim under section 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Ningning He*, 2019 WL 5558868 at *5; *District 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 518-19 (D.N.J. 2011). An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Ins. Brokerage*, 618 F.3d at 362-63. A pattern of racketeering activity is defined as "at least two acts of racketeering activity within a ten-year period," which includes federal mail fraud under 18 U.S.C. § 1341. *Id.*

The Complaint alleges that Adams Chiro, Advanced Balance, and IBC are each separate, corporate racketeering enterprises, (D.E. 1 ¶¶ 535, 572, 609), which, in concert with the other named defendants, submitted, or caused to be submitted, fraudulent claims worth millions of dollars to GEICO between 2013 and 2019. Those submissions as pled satisfy the elements of mail

fraud, which itself constitutes a racketeering activity.[5] This is sufficient to satisfy the elements of Plaintiffs' RICO claims. Therefore, Defendants' motion to dismiss Counts Seven, Eight, Twelve, Thirteen, Seventeen, and Eighteen will be denied.

### C. Common Law Fraud & Aiding and Abetting Fraud

A party seeking to assert a claim for common law fraud must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Ningning He*, Civ. No. 19-09465, 2019 WL 5558868 at *3; *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013).

The Complaint contains numerous examples of allegedly improper billing which include descriptions of the underlying accidents leading to treatment, the type of treatment each Insured received, explanations as to why that treatment was not medically warranted, and dates when fraudulent bills were submitted to GEICO. The Complaint further alleges that Defendants knew that their submissions were false, that they intended that Plaintiffs rely on those submissions, and that Plaintiffs did, in fact, rely on those submissions to make payments of approximately $2,700,000.00 to Defendants for the Fraudulent Services. (*See* D.E. 1 ¶¶ 549-64.) Therefore, Defendants' motion to dismiss Counts Nine, Ten, Fourteen, Fifteen, Nineteen and Twenty will be denied.

---

[5] The elements of mail fraud are "(1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012); *see also United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010); *United States v. Al Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004) (discussing the elements of mail fraud under 18 U.S.C. § 1341).

### D. Unjust Enrichment

"Unjust enrichment is an equitable cause of action that imposes liability when a 'defendant received a benefit' and defendant's 'retention of that benefit without payment would be unjust.'" *Ningning He*, 2019 WL 5558868 at *6 (citing *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). "To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that '(1) at plaintiffs' expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it.'" *Id.* (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)).

Plaintiffs have sufficiently alleged claims for unjust enrichment at this stage of the proceedings. The Complaint alleges that Plaintiffs paid approximately $2,700,000.00 in fraudulent claims submitted by Defendants and those payments were made for services that were medically unnecessary. It is permissible at this stage to infer that "moving defendants share in the benefit at the expense of [P]laintiffs, and that the conveyance of that benefit was unjust such that equity would compel the return of the benefit from defendants to plaintiffs." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005); *see also Ningning He*, 2019 WL 5558868 at *7. Therefore, Defendants' motion to dismiss Counts Eleven, Sixteen, and Twenty-One will be denied.[6]

---

[6] Because declaratory judgment is a form of relief and not a substantive claim, Defendants' motion to dismiss Counts One, Two, and Three will also be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton
     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Edward S. Kiel, U.S.M.J.
             Parties