**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> ADAMS CHIROPRACTIC CENTER P.C., *et al.*, <br><br>  Defendants. | Civil Action No: 19-20633(SDW)(ESK) <br><br> **OPINION** <br><br><br> June 29, 2020 |

**WIGENTON**, District Judge.

Before this Court are Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") Motion to Stay and/or Enjoin Arbitration brought by or on behalf of Defendant Adams Chiropractic Center P.C., ("Adams Chiro" or "Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 65. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Stay/Enjoin Arbitration is **DENIED**.

   **I.**   **BACKGROUND AND PROCEDURAL HISTORY**

"Under New Jersey law, automobile insurance policies provide benefits for personal injuries sustained in an accident involving the covered automobile, regardless of whether the driver

was at fault for the accident. This coverage is called 'personal injury protection,' or 'PIP.' When insureds receive treatment, they can assign their right to PIP benefits to medical providers, who can then seek reimbursement from the insurance companies." *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 484 (D.N.J. 2018). Defendant Adams Chiro, a medical provider and assignee of certain of its patients' PIP benefits, has sought reimbursement from Plaintiffs for care allegedly provided to those patients. In some instances, Adams Chiro submitted those disputes to arbitration as permitted by New Jersey law. *See* N.J.S.A. 39:6A-5.1 (providing that "[a]ny dispute regarding the recovery of medical expense benefits or other benefits provided under [PIP] coverage ... arising out of the operation, ownership, maintenance or use of an automobile may be submitted to dispute resolution on the initiative of any party to the dispute"); *Gov't Emps. Ins. Co. v. MLS Med. Grp. LLC,* Civ. No. 12-7281, 2013 WL 6384652, at *4 (D.N.J. Dec. 6, 2013).

Plaintiffs, however, claim that Adams Chiro and others submitted, and caused to be submitted, "thousands of fraudulent no-fault insurance charges . . . (collectively, "Fraudulent Services")" between 2013 and 2019. (D.E. 1 ¶¶ 1-3.) Specifically, Plaintiffs allege that Defendant and others billed for "unlawful, medically unnecessary, and otherwise non-reimbursable services" provided to individuals eligible for coverage (the "Insureds"), and participated in an illegal referral scheme. (*Id.* ¶¶ 96, 103-499.) As a result, on or about January 21, 2019, GEICO filed a twenty-one count Complaint against Adams Chiro and others, alleging: 1) violations of the New Jersey Insurance Fraud Prevention Act ("NJIFPA"), N.J.S.A. 17:33A-1 *et seq.*; 2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; and 3) common law fraud and unjust enrichment. (D.E. 1 at 232-66.) In addition to money damages, Plaintiffs seek declaratory judgment pursuant to 18 U.S.C. §§ 2201, 2202, (Counts One - Three), that Adams Chiro and others were "not in compliance with all significant laws and regulations governing

healthcare practice in New Jersey" during the relevant period. (*Id.*) Plaintiffs now move to stay any existing PIP arbitrations brought by or on behalf of Adams Chiro against Plaintiffs and to enjoin the future filing of such arbitrations while the instant matter is pending. (D.E. 22-1, 40, 41.)

## II.     LEGAL STANDARD

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). When considering whether to grant a preliminary injunction pursuant to Rule 65, courts must consider whether the party seeking the injunction has shown: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)) (internal quotation marks omitted). The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits elements of the standard" instructing that it will not "'sustain a preliminary injunction ordered by the district court where either or both of [those] prerequisites are absent.'" *Scholastic Funding Grp., LLC v. Kimble*, Civ. No. 07-557, 2007 WL 1231795, at *10 (D.N.J. Apr. 24, 2007) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990)).

## III.    DISCUSSION

This Court turns first to the element of irreparable harm, which requires the party seeking injunctive relief to "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It is well settled that a purely economic injury is compensable in money

3

damages and therefore can never constitute irreparable harm." *Telebrands Corp. v. Grace Mfg., Inc.*, Civ. No. 10-2693, 2010 WL 4929312, at *4 (D.N.J. Nov. 30, 2010); *see also Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (stating that "[t]he availability of adequate monetary damages belies a claim of irreparable injury" and that "a purely economic injury . . . cannot satisfy the irreparable injury requirement") (internal citation omitted).

Here, the harm Plaintiffs allege they have suffered (or will suffer) is limited to the payment of claims made by Adams Chiro for allegedly Fraudulent Services. (D.E. ¶¶ 1 (noting that "this action seeks to recover more than $2,700,000.00 that Defendants wrongfully obtained from GEICO"; 262-65 (detailing the monetary damages sought).) As a result, Plaintiffs have suffered solely an economic injury that can be remediated with money damages. Plaintiffs' contention that they will be "irreparably harmed by the piecemeal prosecution of the Defendant's PIP collections arbitrations" is unpersuasive. (D.E. 22-1 at 2, 16-17.) The existence of parallel arbitrations, while possibly inconvenient, at worst exposes Plaintiffs to additional economic injury (including the costs of arbitration and the payment of any awards in Defendant's favor), which can be recouped should Plaintiffs ultimately prevail in their fraud claims. This Court finds no merit in Plaintiffs' position that they will be unable to adequately defend themselves or present evidence of fraud in individual arbitration proceedings. (*See* D.E. 22-1 at 17 (claiming that "it cannot present its defenses against the Defendant['s] fraudulent claims in the context of fragmented and piecemeal PIP arbitration").) Even if they cannot present evidence of an alleged fraudulent scheme involving multiple patients, Plaintiffs are certainly able to make the case that the medical treatment given to specific individual patients was unwarranted or improper. Because this Court finds that Plaintiffs have failed to show irreparable harm, Plaintiffs' motion will be denied.[1]

---

[1] In addition this Court is not satisfied that Plaintiffs have shown a likelihood of success on the merits of their claims. "A party proves a likelihood of success on the merits by demonstrating a 'reasonable probability of eventual success

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Stay/Enjoin is **DENIED**. An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Edward S. Kiel, U.S.M.J.
           Parties

---

in the litigation.'" *Cochlear Ltd. v. Oticon Med. AB*, Civ. No. 18-6684, 2018 WL 5307822, at *4 (D.N.J. Oct. 26, 2018) (citing *S. Camden Citizens in Action v. N.J. Dep't of Envt'l Prot.*, 274 F.3d 771, 777 (3d Cir. 2001)). As an initial matter, it appears that Plaintiffs' RICO claims are barred by the applicable four-year statute of limitations, *see Ezell v. JPMorgan Chase Bank, Nat'l Ass'n*, Civ. No. 18-1407, 2020 WL 525899, at *6 (D.N.J. Jan. 31, 2020) (noting that "[a]lthough the RICO statute does not expressly provide a statute of limitations, the Supreme Court, by analogy to the Clayton Act, has established a four-year limitations period for civil RICO claims"). A RICO claim begins to "accrue[] when plaintiffs knew or should have known of their injury." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 507 (3rd Cir. 2006); *see also Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 194 (1997) (stating that plaintiffs raising civil RICO claims must exercise "reasonable diligence"). Plaintiffs contend that Adams Chiro engaged in fraud beginning in 2013 and that police and medical records received at the time of the accidents failed to show injuries justifying the healthcare services provided by Adams Chiro. (*See* D.E. 1 ¶¶ 96, 139.) As a result, it appears that Plaintiffs should have been aware of the alleged fraud in 2013, six years before they filed suit in this Court. Further, although Plaintiffs' Complaint is lengthy and detailed, Defendant sets out extensive and detailed defenses to Plaintiffs' claims that challenge the legal bases for those claims, the factual support provided in the Complaint, as well as the conclusions Plaintiffs urge this Court to draw from their allegations. (D.E. 40-1 at 5-36.)

5